**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JIMMY DANIEL,** *et al.,* | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-00844-O** |
| | § | |
| **OCWEN LOAN SERVICING LLC,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust Series 2006-5, TBW Mortgage Pass-Through Certificates, Series 2006-5 ("U.S. Bank"), and Ocwen Loan Servicing, LLC's ("Ocwen") (collectively "Defendants") Motion to Dismiss Amended Complaint and Brief in Support (ECF No. 10) filed January 7, 2019; Jimmy Daniel and Christy Daniel's (collectively "Plaintiffs") Response and Brief in Support (ECF No. 24) filed February 4, 2019; and Defendants' Reply (ECF No. 26) filed February 19, 2019. United States District Judge Reed O'Connor referred this Motion and all related responses, replies, briefs in support, appendices, etc., to the undersigned for determination or recommendation on January 8, 2019. (ECF No. 21). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion to Dismiss and **DISMISS** Plaintiffs' claims **WITH PREJUDICE**.

## BACKGROUND

Plaintiffs originally sued Defendants in state court to remove cloud on title and for declaratory judgment, breach of a Rule 11 settlement agreement ("Rule 11 agreement"), and violation of 12 C.F.R § 1024.41. Plaintiffs also sought injunctive relief to stop a foreclosure sale

of the real property located at 6921 Hazeltine Drive, Fort Worth, Texas 76132 (the "Property"). (ECF No. 1-3). On October 12, 2018, Defendants removed the case to this Court based on diversity jurisdiction. (ECF No. 1).

The following allegations, taken as true, are derived from Plaintiffs' First Amended Complaint (ECF No. 17) ("FAC"). Plaintiffs initially purchased the Property in August 2006. (*Id.* at 2). In connection with the purchase, Plaintiffs executed a note in the principal amount of $346,750.00 and a Deed of Trust that granted a security interest in the Property to secure repayment of the note. (*Id.* at 10–22). Initially, Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, held the Deed of Trust as nominee for Taylor Bean & Whitaker Mortgage Corp. ("TBW"), the lender. (*Id.* at 10). The Deed of Trust was recorded on September 1, 2006 in the Real Property Records of Tarrant County, Texas, as Instrument Number D206272957. (*Id.* at 26). MERS assigned the Deed of Trust as Instrument Number D211150470 to U.S. Bank, care of American Home Mortgage Servicing, Inc. ("AHMSI"), on June 21, 2011. (*Id.* at 27). A Transfer of Lien and a Corporate Assignment of Deed of Trust were subsequently executed on July 16, 2014 and February 17, 2016, respectively. (*Id.* at 28–29). Plaintiffs contest the validity of all these assignments and transfers. (ECF No. 17 at 6).

Plaintiffs made all principal and interests payments due under the note from August 2006 until August 24, 2009 when TBW filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. (*Id.* at 2–3). The bankruptcy trustee in TBW's case did not authorize any of the above-mentioned assignments. (*Id.*). For reasons not stated in the FAC, Plaintiffs filed for Chapter 7 bankruptcy protection in December 2009 and received a discharge on March 10, 2010. (*Id.* at 3). Prior to Plaintiffs receiving the discharge, AHMSI obtained an order from the bankruptcy court conditioning the automatic stay allowing it to foreclose on the Deed of Trust. (*Id.*). U.S. Bank and

MERS sent to Plaintiffs on July 7, 2011 a notice of acceleration and a notice of foreclosure sale scheduled for August 2, 2011. (*Id.*). Plaintiffs filed suit and obtained a temporary restraining order ("TRO") on August 1, 2011, restraining the foreclosure sale. (*Id.*). The TRO subsequently expired without a replacement temporary injunction. (*Id.* at 4). During the pendency of that suit, Ocwen was substituted as mortgage servicer. (*Id.*). On April 21, 2014, U.S. Bank and Ocwen obtained summary judgment on Plaintiffs' claims that (1) TBW had not properly assigned its rights under the Deed of Trust to U.S. Bank and Ocwen or that U.S. Bank and Ocwen lacked standing to enforce the Deed of Trust; (2) Plaintiffs had suffered damages for defamation and slander of their credit reputation; and (3) that U.S. Bank and Ocwen had not breached a contract with Plaintiffs. (*Id.* & n.2).

On June 5, 2014, Plaintiffs filed another bankruptcy case under Chapter 13 of the United States Bankruptcy Code. (*Id.*). The automatic stay as to the Property ended on August 25, 2014 when Plaintiffs' Amended Chapter 13 Plan (the "Plan") was filed. (*Id.*). The Plan was confirmed on October 13, 2014. (*Id.*). During Plaintiffs' second bankruptcy, Defendants attempted to foreclose on the Property. (*Id.* at 5). Plaintiffs again filed suit in state court and obtained a TRO on February 6, 2017 restraining Defendants from foreclosing on the Property. (*Id.*). In connection with the suit, the parties mediated the case, and a Rule 11 agreement was executed on March 26, 2018. (*Id.* at 33–35). Plaintiffs nonsuited their claims against Defendants, and the case was dismissed in April 2018. (*Id.* at 5). Plaintiffs subsequently requested a loan modification from Ocwen and completed the application on August 31, 2018. (*Id.*).

Defendants again initiated foreclosure proceedings and scheduled a foreclosure sale of the Property for October 2, 2018. (ECF No. 1-3 at 11). Plaintiffs filed suit in state court to forestall the foreclosure sale on October 1, 2018. (ECF No. 1). The case was removed to this Court on October

12, 2018. (*Id.*). Plaintiffs amended their original petition on December 10, 2018, and attached the Deed of Trust, the above-mentioned transfer and assignments, the Rule 11 agreement, and TBW's notice of bankruptcy filing. (ECF No. 17). The parties have fully briefed Defendants' Motion, and it is now ripe for recommendation.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v.*

*Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents in these categories may properly be considered without converting the motion to dismiss into a motion for summary judgment. *In re Katrina*, 495 F.3d at 205 (contracts that were attached to the motion to dismiss, referred to in the complaint, and central to the plaintiff's claims were properly considered); *Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 F. App'x 359, 363 (5th Cir. 2011) (per curiam) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (court may consider matters of public record in deciding a Rule 12(b)(6) motion)).

## ANALYSIS

Plaintiffs' FAC asserts (1) a claim to quiet title based on allegedly invalid lien assignments; (2) breach of the Rule 11 settlement agreement; and (3) violation of 12 C.F.R. § 1024.41. Although not asserted in a separate claim, Plaintiffs allege Defendants are barred by limitations from enforcing the Deed of Trust. (ECF No. 17 at 4). Defendants contend that Plaintiffs' (1) assertion of limitations and claim the assignments are unauthorized are barred by judicial estoppel and res judicata; (2) claim to quiet title fails to state a claim because MERS was authorized to assign the Deed of Trust, and Plaintiffs are not asserting the claim on the strength of their own title; (3) breach of Rule 11 agreement claim fails for failure to adequately plead damages; and (4) claims under 12 C.F.R. § 1024.41 are insufficient to state a claim.

5

I. **Plaintiffs are judicially estopped from claiming Defendants are not entitled to foreclose on the Deed of Trust.**

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011) (en banc). In the bankruptcy context, "judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." *Id.* at 574. Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* The Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Judicial estoppel is an affirmative defense. *See Reed*, 650 F.3d at 576. Dismissal under Rule 12(b)(6) is normally not appropriate on an affirmative defense, but "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

Plaintiffs' inconsistent position relates to whether Defendants are entitled to foreclose on the Deed of Trust. Plaintiffs claim that Defendants cannot enforce the Deed of Trust because four years have passed since the loan was accelerated, and the assignment from MERS for TBW to U.S. Bank was not authorized and is therefore invalid. (ECF No. 17 at 4, 6). "It goes without saying

that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999) (emphasis in original). And a debtor has a continuing obligation to disclose all potential causes of action during the pendency of a bankruptcy proceeding. *E.E.O.C. v. Rock-Tenn Servs. Co.*, 901 F. Supp. 2d 810, 830 (N.D. Tex. 2012) (citing *In re Coastal Plains, Inc.*, 179 F.3d at 207–08). Thus, a debtor takes an inconsistent position when after filing a bankruptcy case a claim accrues triggering a duty to disclose the claim to the bankruptcy court before the debtor is discharged from bankruptcy and the debtor fails to do so. *E.E.O.C.*, 901 F. Supp. at 830 (holding a Chapter 13 debtor's duty to disclose a claim that accrues after plan confirmation but before debtor receives a discharge persists).

The undersigned takes judicial notice of Plaintiffs' bankruptcy filings in *In re Jimmy Edwards Daniel & Christy Moseley Daniel*, No. 14-42338-MXM (Bankr. N.D. Tex. Sep. 3, 2014) (cited to herein as "Bk. Dkt."). Plaintiffs filed for bankruptcy under Chapter 13 on June 3, 2014. (Bk. Dkt. No. 1). On June 20, 2014, Plaintiffs filed their bankruptcy schedules listing the Property as real property subject to Defendants' secured claim in the amount of $450,000.00. (Bk. Dkt. No. 11 at 1, 11). Although Plaintiffs scheduled an undisclosed counterclaim against U.S. Bank on their Schedule B, they did disclose the case name or whether it related to the enforceability of the Deed of Trust. (Bk. Dkt. Nos. 11 at 5; 37 at 4). Moreover, Plaintiffs expressly surrendered the Property to Defendants in the Plan, subject to any applicable non-bankruptcy law contract rights of the Plaintiffs. (Bk. Dkt. No. 39 at 3). Based on these representations, the bankruptcy court confirmed Plaintiffs' Plan. (Bk. Dkt. No. 50). Plaintiffs received a discharge on September 22, 2017. (Bk. Dkt. No. 73). Thus, viewing their schedules and Plan together, it appears that Plaintiffs represented to the bankruptcy court that Defendants held a secured interest in the Property, and Plaintiffs

7

agreed to surrender the Property to Defendants subject to any non-bankruptcy law contract rights they may assert.

Plaintiffs' position in this case is the opposite of the representations they made to the bankruptcy court. One of Plaintiffs' inconsistent positions is that Defendants are not entitled to foreclose on the Deed of Trust because they waited more than four years from when they initially accelerated the note. Plaintiffs allege Defendants sent a notice of acceleration on the note on July 7, 2011 with a notice of foreclosure scheduled for August 2, 2011. (ECF No. 17 at 3). Taking Plaintiffs' allegations as true, four years since the loan was accelerated was July 7, 2015. Plaintiffs received a discharge on September 22, 2017. (Bk. Dkt. Nos. 73).

Plaintiffs were required to notify the bankruptcy court of their claim that Defendants were no longer entitled to enforce the Deed of Trust. A review of the docket in Plaintiffs' bankruptcy case shows no schedules were amended to include Plaintiffs' claim that the Deed of Trust was barred by limitations. However, Plaintiffs assert in this case that Defendants are not entitled to foreclose due to limitations. Thus, by failing to notify the bankruptcy court of their claim, Plaintiffs' position in the bankruptcy court that the Deed of Trust was enforceable is inconsistent with the position asserted in this Court. More glaring, however, is Plaintiffs' representation to the bankruptcy court that Defendants had a secured interest in the Property that they surrendered to Defendants. Plaintiffs' action in this case challenging Defendants' foreclosure is the exact opposite of that representation, and they should not be allowed to make such a claim. *Richardson v. CitiMortgage, Inc.*, No. 6:10CV119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) ("[Plaintiffs] should not be allowed to 'play fast and loose' with the courts in order to avoid foreclosure."). Accordingly, the first element of judicial estoppel is satisfied.

As for the second requirement for judicial estoppel, the bankruptcy court impliedly relied on Plaintiffs' inconsistent positions when it discharged their bankruptcy case on September 22, 2017 and lifted the automatic stay as to the Property so that Defendants could foreclose on it. *E.E.O.C.*, 901 F. Supp. at 830; *Johnson v. Deutsche Bank Nat. Tr. Co.*, No. 3:12-CV-3542-L, 2013 WL 3810715, at \*9 (N.D. Tex. July 23, 2013) (holding the bankruptcy court implicitly relied upon a debtor's bankruptcy schedules showing there are no pending or potential claims when it ordered the debts discharged); *Richardson*, 2010 WL 4818556, at \*5 (holding the bankruptcy court relied on plaintiff's representations of defendant's valid, secured interest in the property when it lifted the automatic stay as to the property thereby permitting defendant to foreclose on the property).

Finally, Plaintiffs' inconsistent positions to the bankruptcy court were not inadvertent. A "debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love v. Tyson Foods*, Inc., 677 F.3d 258, 262 (5th Cir. 2012) (quotation omitted). Here, Plaintiffs cannot claim they lacked knowledge of the claim that the Deed of Trust was unenforceable due to the passage of time. Plaintiffs surrendered the Property to Defendants, and in accordance with the Plan, the automatic stay was terminated as to the Property thereby permitting Defendants to initiate foreclosure proceedings. (Bk. Dkt. No. 39 at 3).

The undersigned takes judicial notice of Plaintiffs' suit against Defendants in the 67th Judicial District Court of Tarrant County, Texas, which was removed to this Court in *Jimmy Daniel and Christy Daniel v. Ocwen Loan Servicing, LLC, et al.*, No. 4:16-cv-00071-O (N.D. Tex. Jan. 28, 2016) (citations referred to herein as "Pls.' Dkt."). In that case, Plaintiffs sued to forestall the foreclosure sale of the Property scheduled for January 5, 2016. (Pls.' Dkt. No. 1-1 at 11). They argued that any foreclosure sale is invalid, void, and unenforceable because limitations barred

Case 4:18-cv-00844-O    Document 37    Filed 06/13/19    Page 10 of 22    PageID 410

enforcement of the Deed of Trust. (*Id.*). However, according to the FAC, the purportedly invalid assignment to U.S. Bank occurred on June 21, 2011. (ECF No. 17 at 27). Thus, notwithstanding their representations to the bankruptcy court that the Property was subject to Defendants' secured interest and surrendered the Property to Defendants in accordance with the Plan, Plaintiffs now assert the Deed of Trust is unenforceable. Plaintiffs unquestionably had knowledge of their limitations claim before they received a discharge in the bankruptcy case and had knowledge of the allegedly invalid assignment before the bankruptcy case was filed. Thus, Plaintiffs' inconsistent positions made to the bankruptcy court were not inadvertent.

Plaintiffs' motivation is also clear under the circumstances. "[T]he motivation element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262 (citation omitted). In the instant suit, Plaintiffs seek, along with undisclosed damages, the Property free and clear of any lien. Plaintiffs' request directly contradicts their initial representations to the bankruptcy court, surrender of the Property to Defendants, and subsequent failure to disclose the claims they are now asserting in this Court. This case illustrates why "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *Love*, 677 F.3d at 262 (quoting *In re Coastal*, 179 F.3d at 208). Accordingly, Plaintiffs should be judicially estopped from asserting their claim to quiet title as pleaded in the FAC.

## II.    Plaintiffs' claim that Defendants are not entitled to foreclose on the Deed of Trust is also barred by res judicata.

"[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata "bars the litigation of claims

that either have been litigated or should have been raised in an earlier suit." *Id.* Res judicata, or

claim preclusion, has four elements:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was
> rendered by a court of competent jurisdiction; (3) the prior action was concluded
> by a final judgment on the merits; and (4) the same claim or cause of action was
> involved in both actions.

*Id.* at 571. The Fifth Circuit employs a "transactional test" which looks to whether "a prior

judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of

the transaction, or series of connected transactions, out of which the original action arose." *Singh*,

428 F.3d at 571. Thus, the "critical issue is whether the two actions are based on the 'same nucleus

of operative facts.'" *Id.* (quotation omitted).

Plaintiffs' assertion that Defendants are not entitled to foreclose on the Deed of Trust is

barred by res judicata. As mentioned previously, Plaintiffs filed a similar case to this one to

forestall foreclosure of the Property by Defendants. (*See generally*, Pls.' Dkt.). The undersigned

notes the parties are identical. (*See* Pls.' Dkt. No. 1-1; Order on Mot. Dismiss, Pls.' Dkt. No. 7

(third defendant was improperly joined)). The Order granting Defendants' motion to dismiss in

the other case was rendered by a court of competent jurisdiction, this Court, on the basis of

diversity jurisdiction under 28 U.S.C. § 1332, as all parties in the action were citizens of different

states and the amount in controversy exceeded $75,000.00. (*Id.*). The Court resolved the prior

action by a final judgment pursuant to Rule 12(b)(6). (Pls.' Dkt. Nos. 5–9, 14). Because Plaintiffs'

previous case was dismissed with prejudice, the Court's final judgment was an adjudication on the

merits. *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130 (5th Cir. 2014) (per curiam) (holding the

judgment dismissing with prejudice mortgagors' earlier action against mortgagee was a final

judgment on the merits for res judicata purposes). Although Plaintiffs appealed the decision, the

Fifth Circuit dismissed the appeal for want of prosecution. (Pls.' Dkt. No. 17). Thus, on the face of the pleadings and record judicially noticed, the first three elements of res judicata are met.

Plaintiffs do not dispute that the parties are identical, the Court was one of competent jurisdiction, or the case was concluded by a final judgment on the merits. (ECF No. 24 at 7). Instead, Plaintiffs challenge the fourth element, whether the same claim or cause of action was involved in both actions. Plaintiffs argue the prior cases did not involve a determination that the assignment from MERS to U.S. Bank was valid. (*Id.*). Notably, Plaintiffs do not contest they were somehow precluded from asserting the assignment argument in the prior case.

Under the transactional test, a final determination in the first case bars the second case if they both arise out of the "same nucleus of operation fact." *Singh*, 428 F.3d at 571. Thus, a plaintiff's claim is barred so long as it concerns "any part of the transaction, or series of connected transactions, out of which the original action arose." *Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 472 (5th Cir. 2013) (per curiam) (quoting *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010)). In determining whether a claim is within the transactional test, a court looks beyond the claims litigated in the first case and focuses on what issues could have been raised given the same nucleus of operative fact. *1999 McKinney Ave. No. 807 Land Tr. v. HSBC Bank USA, Nat. Ass'n*, No. 3:13-CV-1868-B, 2014 WL 2573896, at *4 (N.D. Tex. June 5, 2014). Plaintiffs' prior case involved a substantially similar factual scenario to the instant case, the same Property, and the same Deed of Trust (Pls.' Dkt. No 1-1). Further, Plaintiffs asserted a claim to quiet title based on limitations, along with other relief. (*Id.*). In this case, Plaintiffs again claim that Defendants cannot foreclose on the Deed of Trust due to limitations. This claim was specifically rejected in the Court's prior decision and is barred by res judicata.

Plaintiffs' claim that the initial assignment to U.S. Bank is "void and unenforceable because [MERS] was not authorized . . . to make any assignment for [TBW] . . . to [U.S. Bank]" also is barred by res judicata. (ECF No. 17 at 6). Plaintiffs' claim arises from the same series of connected transactions. Plaintiffs' FAC states the assignment to U.S. Bank was dated on June 21, 2011 and that it was not authorized by the TBW's bankruptcy trustee. (Pts.' Dkt. No. 1-1). Plaintiffs' prior case was filed during the pendency of their bankruptcy proceedings in which they acknowledged U.S. Bank's secured interest in the Property. (Bk. Dkt. No. 11 at 11). Further, Plaintiffs' petition in the prior case references the allegedly invalid assignment by MERS for TBW to U.S. Bank. (Pls.' Dkt. No. 1-1 at 9 ("[TBW][] had not properly assigned its right under the Deed of Trust to U.S. Bank . . . .")). Although Plaintiffs did not assert the assignment to U.S. Bank was void in the first case, they certainly could have. Thus, Plaintiffs may not now assert the assignment issue. Accordingly, Plaintiffs' claim to quiet title as pleaded in the FAC is barred by res judicata and should be dismissed.

## III.    Plaintiffs' claim to quiet title fails to state a claim.

To prevail on a claim for quiet title, the plaintiff must prove: (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.) (citations omitted)). A plaintiff "must allege right, title, or ownership in [it] with sufficient certainty to enable the court to see [that] [it] has a right of ownership that will warrant judicial interference." *Hurd*, 880 F. Supp. 2d at767–68 (quoting *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) (quotation omitted)). "Texas courts have made clear that 'a necessary

prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook–Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) (omission in the original)). "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Plaintiffs allege that they purchased the Property in August 2016 with proceeds borrowed from TBW. (ECF No. 17 at 2). Plaintiffs admit they executed the Deed of Trust that is secured by the Property in favor of TBW with MERS as nominee. (*Id.*). The Deed of Trust attached to Plaintiffs' FAC shows that it was properly recorded in the Real Property Records of Tarrant County, Texas on September 1, 2006. (*Id.* at 26). Plaintiffs, however, allege that Defendants are not entitled to foreclosure on the Deed of Trust because they are barred by limitations and that the assignment made by MERS for TBW to U.S. Bank was not authorized. (*Id.* at 4, 6). As noted above, res judicata prevents Plaintiffs from making these assertions. However, even if Plaintiffs were able to assert these allegations to support their suit to quiet title, their claims still should be dismissed.

Plaintiffs' FAC fails to establish the superiority of their title to the Property in relation to the Deed of Trust. Plaintiffs allege that they made all payment of principal and interest due from August 2006 through August 2009 to TBW. (ECF No. 17 at 2–3). They do not allege that they have brought the principal and interest payments current under the loan, have tendered the balance due, or are able to tender the balance due. Taken as true, Plaintiffs have not alleged facts to establish they have a superior interest in the Property to that of Defendants. Thus, Plaintiffs have failed to state a claim to quiet title. *See Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012

14

WL 1836095, at *4 (N.D. Tex. May 21, 2012) (dismissing plaintiffs' suit to quiet title because plaintiffs failed to allege they were current on their mortgage payments prior to foreclosure).

Plaintiffs' theory that the assignment from MERS to U.S. Bank was unauthorized is an allegation focused on Defendants' claim to title. Plaintiffs have not asserted that they can recover on the strength of their own title, but instead attack the alleged weakness of Defendants' title. Thus, taking Plaintiffs' allegations as true, they did not plead an action to quiet title. *See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 633 (5th Cir. 2013) (per curiam) (dismissing plaintiff's quiet title claim because it only challenged whether the assignment of the deed of trust from MERS to the bank was valid and not the validity of the deed of trust itself or otherwise assert it had a superior title to MERS or the bank).

Moreover, Plaintiffs' theory the assignment from MERS to U.S. Bank is invalid because it was not authorized by TBW's bankruptcy trustee is unavailing. Plaintiffs attached to their Motion the Deed of Trust and an assignment of the Deed of Trust from MERS to U.S. Bank that was recorded in the Real Property Records of Tarrant County, Texas on October 6, 2011. (ECF No. 17 at 10, 27). While the Court, generally, cannot consider evidence outside the pleadings on a Rule 12(b)(6) motion, it may do so when the documents are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Here, the Deed of Trust designated MERS as "the beneficiary" and the nominee for "Lender" and its "successors and assigns." (ECF No. 17 at 10). Under the Deed of Trust, MERS held legal title to the interests Plaintiffs granted. (*Id.* at 12.) MERS had the right to exercise any and all of those interests, including the right to foreclose and sell the Property and to release and cancel the Deed of Trust. (*Id.*). Further, Plaintiffs do not allege that U.S. Bank is not TBW's successor or assign. Moreover, TBW's bankruptcy "does not preclude MERS's right to

assign, as nominee, the deed of trust when there exists a successor or assign to the failed lender's right to foreclose under the deed of trust." *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 552 n.2 (5th Cir. 2018) (per curiam); *see also Trang v. Bean*, 600 F. App'x 191, 194 (5th Cir. 2015) (per curiam) (holding MERS's right to assign the deed of trust is independent of any unfulfilled obligations by TBW; thus, TBW's rejection of its executory contracts in bankruptcy did not undo or reverse MERS's right to assign). Thus, Plaintiffs' claim that the assignment by MERS for TBW to U.S. Bank was unauthorized is not based in law and is unavailing. Accordingly, Plaintiffs' claim to quiet title should be dismissed.

## IV.   Plaintiffs did not properly plead their claim for breach of the Rule 11 agreement.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A*., 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)).

Plaintiffs contend that Defendants breached the Rule 11 agreement by not providing the original note. (ECF No. 17 at 7). Plaintiffs attached the Rule 11 agreement to the FAC. (ECF No. 17 at 33–35). Under the Rule 11 agreement, Defendants agreed to provide: (1) the principal balance; (2) the interest accrued and interest rate; (3) escrow for property taxes and insurance; (4) reinstatement amounts; and (5) "Proof of Holder status (original note)." (*Id.*). Defendants agreed to use "best efforts" in providing the note to Plaintiffs. (*Id.*).

Defendants do not contest that they did not provide the original note to Plaintiffs. (*See* ECF No. 10 at 11–12). Instead, they argue that Plaintiffs' claim for breach must be dismissed because they failed to properly allege damages. (*Id.* at 11). Plaintiffs claim they were harmed by

Defendants' alleged breach because they nonsuited their claims in reliance on the Rule 11 agreement, and Defendants proceeded to foreclose on the Property. (ECF No. 24 at 5).

Plaintiffs have failed to allege any damages as a result of Defendants' purported breach of the Rule 11 agreement. Plaintiffs allege that during bankruptcy, Plaintiffs sued Defendants and successfully obtained a TRO restraining Defendants from foreclosing on the Deed of Trust. (ECF No. 17 at 5). The parties mediated the case, which resulted in the execution of the Rule 11 agreement, dated March 18, 2018. (*Id.* at 5, 34). Plaintiffs also allege that they have "occupied the Property as their primary residence at all times since their purchase in August 2006." (*Id.* at 5).

Taken as true, Plaintiffs have not alleged the purported breach of the Rule 11 agreement caused any damages to them because the foreclosure sale never occurred, and Plaintiffs still reside in the Property. Initiating or threatening foreclosure proceedings standing alone cannot support an award of actual damages in a breach of contract claim. *See Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *6 (N.D. Tex.), *adopted by*, No. 3:17-CV-723-B-BN, 2018 WL 2150960 (N.D. Tex. May 10, 2018) (holding plaintiff's alleged damages in loss of income for litigating the case, defendant's threatened foreclosure, and attorney's fees and costs were inadequate when no foreclosure sale occurred, and plaintiff still resided in the property). Thus, Plaintiffs have failed to allege how they were damaged by Defendants' alleged breach of the Rule 11 agreement. Nor could they because any potential claim asserted by Plaintiffs on a "show-me-the-note" theory has been widely rejected by Texas courts. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–55 (5th Cir. 2013). This is because "[w]here a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Martins*, 722 F.3d at 255 (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus

Christi 2002, pet. denied)). Accordingly, Plaintiffs' breach of the Rule 11 agreement claim should be dismissed.

**V.    Plaintiffs' claim under 12 C.F.R. § 1024.41 should dismissed.**

### A.  12 C.F.R. § 1024.41 Claim

Section 1024.41 generally provides that if a servicer receives a loss mitigation application forty-five days or more before a foreclosure sale, the servicer shall review the application for completeness and notify borrowers of loss mitigation options that may be available to them. *See* 12 C.F.R. § 1024.41. A borrower may enforce section 1024.41 through section 6(f) of the Real Estate Settlement Procedures Act ("RESPA"). *See* 12 C.F.R. § 1024.41(a) (citing 12 U.S.C. § 2605(f)). Under 12 C.F.R. § 1024.41(i), "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." However, Section 1024.41 "only appl[ies] to a borrower's first loss mitigation application." *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-cv-2331-K-BN, 2016 WL 6581279, at *7–*10 (N.D. Tex. Oct. 12. 2016) (citing *Wenztell v. JPMorgan Chase Bank, Nat'l Ass'n*, 627 F. App'x 314, 318 n.4 (5th Cir. 2015) (per curiam)).

Defendants argue that Plaintiffs failed to state a claim because they did not plead their allegedly submitted loss mitigation application was the first one they had submitted. (ECF No. 10 at 13). In response, Plaintiffs ask leave to amend their FAC to the extent they are required to plead as Defendants argue. (ECF No. 24 at 6). A review of Plaintiffs' FAC shows insufficient factual allegations that "allows the Court to infer that this suit concerns [Plaintiffs'] first loan modification request." *Jones*, 2016 WL 6581279, at *7. Accordingly, Plaintiffs have failed to state a claim for violation of Section 1024.41 and should be dismissed.

### B. Damages

Defendants also seek dismissal of Plaintiffs' claims under Section 1024.41 and RESPA, 12 U.S.C. § 2605(f), because Plaintiffs have failed to plead any actual damages resulting from Defendants' alleged noncompliance with Section 1024.41. (ECF No. 10 at 13–14). Plaintiffs' allegations on this issue state, "Failure to comply with [Section 1024.41] is not merely a defense to foreclosure but is actionable under [RESPA], which in turn allows for the recovery of actual damages, court costs, statutory damages of up to $2000.00, and attorney fees, for which Plaintiffs now sue." (ECF No. 17 at 8).

The provisions of RESPA limit the recovery of actual damages to those that result from a servicer's failure to comply with the statute. *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 795 (5th Cir. 2014) (per curiam). Plaintiffs' allegation of damages is conclusory and provides no reasonable basis for the Court to infer that Defendants' alleged violation of Section 1024.41 caused them damages. *Id.* ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."); *Hurd*, 880 F. Supp. 2d at 768 (dismissing claim under RESPA where plaintiff failed to "alleg[e] any facts giving rise to a reasonable inference that she suffered actual damages from the alleged violation of . . . RESPA."). Further, Plaintiffs concede as much by stating, "Because there has not yet been a foreclosure by Defendants, any monetary damages pleaded cannot be ascertained . . . ." (ECF No. 24 at 6). Accordingly, because Plaintiffs have failed to plausibly allege that they have suffered actual damages as a result of Defendants' alleged violations of 12 C.F.R. § 1024.41, the undersigned recommends that Plaintiffs' claim be dismissed.

**VI.    Plaintiffs' claims should be dismissed with prejudice.**

Defendants ask the Court to dismiss all of Plaintiffs' claims with prejudice because there is no cognizable claim as a matter of law. There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiffs have had ample opportunity to amend their original petition with Defendants' first motion to dismiss as a guide. (*See* ECF No. 5). Defendants' first motion to dismiss is nearly identical to their instant motion. Further, Plaintiffs did not attempt to overcome any of the deficiencies enumerated by Defendants as the FAC is substantially similar to their original petition. Moreover, regardless how they might be repleaded, Plaintiffs' claims also are barred by judicial estoppel and res judicata. Thus, Plaintiffs have stated their best case, and any potential amended complaint would be futile. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir.

2016). Accordingly, all of Plaintiffs' claims contained in their FAC should be dismissed with prejudice.

**VII.    Plaintiffs' request for injunctive relief should be dismissed with the underlying cause of action.**

"[A]n injunction is a remedy that must be supported by an underlying cause of action . . . ." *Crook v. Galaviz,* 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam). The undersigned's recommendation that the Plaintiffs' claims be dismissed also should result in dismissal of their claim for injunctive relief. Accordingly, Plaintiffs' claim for injunctive relief should be dismissed.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion to Dismiss (ECF No. 17) and **DISMISS** Plaintiffs' claims **WITH PREJUDICE**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 13, 2019.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE